**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| ST. JOHN HOMEOWNERS PAC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00068 |
| | ) | |
| TOWN OF ST. JOHN, INDIANA, and | ) | |
| STEPHEN Z. KIL, in his individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**Complaint for Declaratory and Injunctive Relief and Damages**

**Introduction**

1.     The St. John Homeowners PAC was established to voice its opposition to the Town of St. John, Indiana's comprehensive plan and to endorse and oppose certain public officials in local elections.  The PAC exercises its political voice by, among other things, posting signs that state its support of and opposition to certain public officials.  On November 2, 2015, the eve of the last municipal election, the PAC posted signs in areas outside of three polling places, where dozens of other political signs were posted.  That night, however, the St. John Town Manager, who was one of the public officials the PAC opposed and who was acting on behalf of the Town, selectively removed the PAC's signs, leaving all other posted signs in place.  As a result of the Town's actions, the PAC's political message was silenced, and it stood by as two of its endorsed candidates lost the election.  Several days later, the Town Manager sent a letter warning a member of the PAC not to put up similar signs in the future or risk incurring substantial fines

1

because, in the opinion of the Town's highest appointed official, the signs were in violation of the Town's zoning ordinance.  The PAC wants to continue to voice its political positions, including voicing support and opposition to political candidates and public officials in future elections.  The Town, therefore, continues to attempt to suppress the free speech rights of St. John Homeowners PAC and its members.  The Town Manager was later charged with conversion for taking the PAC's signs.  The Town and the Town Manager's actions were not only criminal, but they violated the First Amendment to the U.S. Constitution and continue to do so.  The Homeowners PAC brings this action to enjoin the Town's ongoing violation of the First Amendment and for damages caused by the Town and Town Manager's unlawful and unconstitutional acts.

**Jurisdiction, Venue, and Cause of Action**

2.    This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331.

3.    Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201, 2202.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5.    Plaintiff brings its cause of action pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6.    St. John Homeowners PAC ("the Homeowners PAC") is a political action committee, as that term is defined under Indiana Code § 3-5-2-37, and as regulated under Indiana Code § 3-9-1-1, *et seq.*

7.    The Town of St. John is a municipal corporation, located in Lake County, Indiana.  The

2

Town is governed by a town council, which employs a town manager to serve as its administrative head. *See* Indiana Code §§ 36-5-5-2, 36-5-58.

8. Stephen Z. Kil is the town manager of the Town of St. John, Indiana. Mr. Kil is sued in both his individual and his official capacity.

**Factual Allegations**

9. In October 2015, the St. John Homeowners PAC was established by a group of concerned citizens of St. John who oppose a redevelopment plan proposed by the St. John Town Council (*i.e.*, the "comprehensive plan") that would result in the demolition of one or more of its members' homes. Among other things, the PAC is concerned about the lack of transparency in the approval process for the project and with the fairness of the compensation that would be offered to those whose properties would be demolished.

10. The Homeowners PAC is also concerned about the conduct and policies of several Town Council members and town employees.

11. To further its political views, the Homeowners PAC decided to endorse several candidates for Town Council and the Town Clerk-Treasurer candidate in the last municipal election held on November 3, 2015.

12. The Homeowners PAC also decided to voice its opposition to the candidacy of several incumbent candidates for Town Council and its opposition to the current Town Manager, Stephen Z. Kil, who is selected by the Town Council to serve as the executive of the Town.

13. The PAC designed two sets of signs that it planned to post outside to attempt to influence voters on Election Day. The messages on the signs were simple. One set of signs stated in capital letters "elect" or "re-elect" three candidates: Sherry Sury for clerk treasurer,

3

John Corbett for councilman at large, and Christian Jorgensen for councilman ward two. The other set of signs stated "fire" the current town manager, Mr. Kil, and two incumbent town council members, Mark Barenie and Michael Forbes.   At the top of both sets of signs, the PAC stated its basic platform: "to protect town employees from harassment; to protect our property values; and to bring integrity back to the Town of St. John."  At the bottom of both sets of signs, the PAC included a disclaimer that the sign was "paid for by the St. John Homeowners PAC, Tom Parada, chairman, without the authorization of the people named on this sign."  A representation of both signs is attached hereto as Exhibit 1.

14.    The Homeowners PAC paid for and had approximately 200 signs professionally made. Each sign was approximately 18 inches by 24 inches and was affixed to two stakes (i.e., "h-wire") for planting in the ground.

15.    On the night of November 2, 2015, Joe Hero and Robert Pastore, supporters of the Homeowners PAC, posted the signs near the entrance of each of the Town's four designated polling places: Kolling Elementary School, Clark Middle School, St. John Town Hall, and the St. John branch of the Lake County Public Library.

16.    Mr. Hero and Mr. Pastore began by first posting the signs that stated "fire" Mr. Kil and the two incumbent council members.  At each polling location, there was an area near the entrance of the building where a large number of other political signs, not posted by the Homeowners PAC, were already staked in the grass. The PAC signs and those already posted were the same shape and roughly the same size or smaller.  Mr. Hero and Mr. Pastore posted the PAC's signs in the same area, making sure that each sign was more than 50 feet from the entrance to the polling place, as required by Indiana law.  *See* Ind.

4

Code § 3-14-3-16 (prohibiting electioneering in the "chute" on election day); Ind. Code 3-5-2-10 (defining the "chute" as "the area or pathway that extends fifty (50) feet in length, measured from the entrance to the polls" or half the distance from the entrance to the polls to the property line if less than 50 feet). At the Kolling Elementary School, two of the PAC signs were left leaning against a light post in the parking lot of the school, but also more than 50 feet from the entrance to the polling place.

17. Mr. Hero and Mr. Pastore placed approximately 10-15 of the PAC's "fire" signs at each of three locations: the Kolling Elementary School, the St. John branch of the Lake County Library, and the Town Hall. They were on their way to post additional opposition signs at the Clark Middle School, and to post the PAC's "elect" and "re-elect" signs at all the poll locations, when they observed that all of their signs had been removed from the Town Hall. Mr. Hero and Mr. Pastore then went to check on their signs at the Kolling Elementary School and observed Mr. Kil removing the Homeowner PAC signs from the area in front of the school.

18. Mr. Kil did not remove any signs other than the PAC's signs. Mr. Kil was accompanied by Mike Forbes, the Town Council President, who was observed holding signs supporting his own candidacy but was not observed removing any of the PAC signs.

19. In an effort to capture what Mr. Pastore and Mr. Hero believed were brazenly illegal acts by Town officials, Mr. Pastore recorded by video Mr. Kil selectively removing the PAC's signs from an area populated by a large number of other political signs and bringing the signs to his car. Mr. Hero and Mr. Pastore also took pictures of the incident.

20. After observing Mr. Kil taking the PAC's signs, Mr. Hero and Mr. Pastore went to the police station to file a report.

5

21. While a police officer was taking Mr. Hero and Mr. Pastore's report, Mr. Kil appeared briefly and told the police officer that he had taken the PAC's signs because they had Mr. Kil's name on them.  Mr. Kil, who still had the PAC's signs in his car, left without turning over the signs to the police or to the PAC

22. In total, 40-45 of the PAC's signs were removed by Mr. Kil.  Because of Mr. Kil's actions, Mr. Hero and Mr. Pastore decided that they would not post any additional signs. They believed that these signs would be removed as well.

23. The following day, two of the PAC-endorsed candidates lost the election and the two council members the PAC opposed won.  Mr. Kil, serving at the pleasure of the Town Council, remains the Town Manager.

24. The election for Town Council was particularly close, with John Corbett, the PAC-endorsed candidate, losing by 85 votes out of the 3,715 cast.

25. Although impossible to predict, the Homeowners PAC feels that the actions of Mr. Kil and the Town altered the outcome of the election.  More importantly, their actions stifled the PAC's political voice.  Mr. Kil and the Town also deprived the PAC of its property and through its actions strongly discouraged it from posting its remaining signs, rendering the signs useless.

26. On December 11, 2015, Mr. Kil was charged with conversion under Indiana Code 35-43-4-3, a class A misdemeanor, for stealing the PAC's signs.  Mr. Kil's criminal case remains pending.

27. On November 17, 2015, Mr. Kil, in his capacity as Town Manager, sent Mr. Hero a letter titled, "Notice of Zoning Violation and Official Warning Notice."  Letter from Stephen Z. Kil, Town Manager, St. John, Indiana to Joe Hero, dated November 17, 2015, hereto

attached as Exhibit 2. Specifically, Mr. Kil asserted that by posting 45 of the PAC's signs on November 2, 2015, Mr. Hero had violated "Ordinance No. 1483, specifically Sections C.9(b), C.9(i), C.9(p), G.2(f), G.2(g) and also, by the definition of 'Sign' (Chapter 19), the content of [the signs are] strictly prohibited." *Id.*

28. The letter advised that "All forty-five (45) signs are currently in the possession of the Town in secured storage." *Id.* It further advised that "this written warning shall be in effect from the date of this letter forward. Any further violations of the Town's Zoning Ordinance No. 1483 shall be handled as outlined in Chapter 18 – Section G of the same. Please govern yourself accordingly." *Id.*

29. The cited provisions of the Ordinance read as follows:

> **C.9 Prohibited signs**
> The following signs are prohibited:
> . . .
> b) Signs installed in the public right-of-way, including, but not limited to, attached to a tree or utility pole;
> . . .
> i) Off-site signs, unless a Developmental Variance is obtained from the Town;
> . . .
> p) Signs on any property without the consent of the party having the right of present possession;
> . . .
>
> **G.2 Permitted Signs in Zoning Districts Except for Commercial and Industrial**
> . . .
>
> f) Political signs are prohibited from being attached to utility poles, trees, or any public or private signs. St. John, IN - Zoning Ordinance.
>
> g) Political signs are allowed in parkways only with the permission of the owner of the premises.
> . . .
>
> **Chapter 19 – Definitions**
> . . .
> **Sign.** Any words, letters, figures, numerals, phrases, sentences, emblems,

7

devices, designs, trade names, or trade marks by which information is made known and which are used to advertise or promote an individual, firm, association, corporation, profession, business, commodity, or product and which is visible from any public street, highway or pedestrian way.
. . .
**Chapter 18 Administration and Enforcement**
**Section G Penalties**
**G.1** The Town will provide a written warning to any person who violates any provision of this Zoning Ordinance. If the violation is not corrected, the Town will issue a citation to any person who violates any of the provisions of this Zoning Ordinance. A penalty and fine of $100.00 for the first offense, $200.00 for the second offense, $500.00 for the third offense and $2,500.00 for the fourth and subsequent offenses. Such fines to inure to the Town. Each day of the existence of any violation shall be deemed a separate offense.

**G.2** The erection, construction, enlargement, conversion, moving or maintenance of any building or structure and the use of any land or building which is continued, operated, or maintained, contrary to any of the provisions of this Zoning Ordinance, is hereby declared to be a violation of this Ordinance and unlawful.

**G.3** The Town Attorney shall upon direction of the Town institute injunction, abatement or any other appropriate action to prevent, enjoin, abate or remove any zoning violation. Such action may be instituted by any property owner also who may be especially damaged by any violation of this Zoning Ordinance. In addition to the foregoing, any person found liable shall also be liable for all costs of enforcement including attorney fees.

**G.4** The remedies provided for herein shall be cumulative and not exclusive and shall be in addition to any other remedies provided by law

30. On November 19, 2015, at a Town Council meeting, a representative from the PAC requested clarification from Mr. Kil and the Town's attorney as to how the PAC's signs violated the cited provisions of the ordinance. The Town refused to clarify how the cited provisions were violated.

31. In fact, none of the PAC's signs were in violation of the Town's cited Ordinance provisions, and there was no basis for removing these signs or prohibiting their display. Furthermore, Mr. Hero and Mr. Pastore placed their signs in the same time, place, and manner as other political signs that Mr. Kil did not target.

8

32.    The defendants' removal of these signs was content based, was not narrowly tailored to achieve any governmental objective, and did not leave open ample alternative avenues for the PAC to express its views.

33.    The Homeowner PAC would like to display in future election cycles similar signs and in a similar manner to the ones it posted on November 2, 2015.  It would also like to post similar signs with similar content at other locations on days other than Election Day.  It cannot, however, because Mr. Kil and the Town have indicated that the PAC risks incurring fines up to $2,500 for each sign, and for each day it is posted.  *See* Ordinance 1483, Chapter 15, G.1.

34.    At all times, the defendants have acted under color of state law.

35.    The defendants' removal of the PAC's signs and subsequent actions aimed at chilling the PAC's future speech was malicious, intentional, or recklessly or callously indifferent to the PAC's constitutional rights.

36.    As a result of the defendants' unconstitutional acts, the Homeowners PAC has suffered damages.

37.    The Homeowners PAC is also being caused irreparable harm for which there is no adequate remedy at law.

**Legal Claim**

38.    The defendants' November 2, 2015 removal of the plaintiff's political signs and subsequent threat to punish the plaintiff for posting similar signs in a similar manner are violations of the First Amendment to the United States Constitution.

**Request for Relief**

    **WHEREFORE**, St. John Homeowners PAC requests that this Court:

1.    Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2.    Enter a permanent injunction, enjoining defendants' enforcement of Ordinance No. 1483 against the plaintiff to the extent that plaintiff posts signs with substantially similar content and in a substantially similar manner and location as those posted by other entities or persons against whom the defendants do not enforce the Ordinance.

3.    Award plaintiff compensatory damages against both defendants and punitive damages against Mr. Kil.

4.    Award plaintiff its attorney's fees and costs pursuant to 42 U.S.C. § 1988.

5.    Award all other proper relief.

/s/ Jan P. Mensz_____
Jan P. Mensz
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN  46202
317.635.4059, x107
<jmensz@aclu-in.org>

/s/ Kenneth J. Falk_____
Kenneth J. Falk
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN  46202
317.635.4059, x104
<kfalk@aclu-in.org>

*Attorneys for the plaintiff*